1  McGREGOR W. SCOTT
   United States Attorney
2  STEPHANIE HAMILTON BORCHERS
   Assistant U.S. Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              1:05-CV-00883-OWW-LJO

12            Plaintiff,

13       v.                               STIPULATION FOR EXPEDITED
                                          SETTLEMENT AND ORDER THEREON
14  REAL PROPERTY LOCATED AT 5489 W.
    SAMPLE AVENUE, FRESNO, FRESNO
15  COUNTY, CALIFORNIA APN: 506-232-27s,
    INCLUDING ALL APPURTENANCES AND
16  IMPROVEMENTS THERETO,

17            Defendant,

18  _____

19  Countrywide Home Loans, Inc., dba America's
    Wholesale Lender,

20            Claimant.

21

22       This stipulated settlement is entered into between the plaintiff United States of America and

23  claimant Countrywide Home Loans, Inc., dba America's Wholesale Lender  (hereinafter referred to as

24  "Countrywide"), by and through their undersigned counsel, according to the following terms:

25       1.  This is a civil forfeiture action of certain real property located at 5489 W. Sample Avenue,

26  Fresno, Fresno County, California, APN: 506-232-27s (hereinafter the "defendant real property"), and

27  more particularly described as:

28  ///

Lot 104 of Tract No. 4031, Trend Homes No. 18, in the City of Fresno, County of Fresno, State of California, according to the map thereof recorded in Book 48 Pages 96, 97 and 98 of Plats, Fresno County Records.

APN: 506-232-27s.

2.   The parties hereby stipulate that any violations of Title 21 U.S.C. § 881 involving the defendant real property occurred without the knowledge and consent of claimant Countrywide.

3.   Claimant Countrywide is the original holder of a promissory note that was executed and delivered by John Rosales (hereinafter "Rosales") on or about August 1, 1997.  The principal amount of the promissory note was $80,000.00.  The note was and is secured by a Deed of Trust dated August 1, 1997 and was recorded in the official records of the County of Fresno on August 12, 1997.  As of October 31, 2005, the total amount due and owing is $65,878.05.  This number consists of principal due and owing in the amount of $65,384.14, interest due and owing in the amount of $396.34, and miscellaneous fees and costs in the amount of $97.57.  Interest will continue to accrue under the note at a rate of $13.2715 per diem, or 7.375% per annum.

4.   Plaintiff agrees that upon the entry of a Final Judgment of Forfeiture forfeiting to the United States all right, title and interest in the defendant real property and the defendant real property being sold, it shall pay claimant Countrywide, in escrow from the gross sales price the following:[1]

a.  The sum of $65,878.05, less any principal payments made between October 31, 2005, and the date of payment; plus interest on the unpaid principal sum at the rate of $13.2715 per diem or 7.375% per annum until paid, less any payments or credits made or received after October 31, 2005;

b.  All unpaid interest at the contractual (not default) rate under the above-described note and Deed of Trust until the date of payment;

c.  All unpaid casualty insurance premiums for the defendant real property from July 25, 2005 (date of posting the defendant real property) to the date of payment;

---

[1]   If for any reason the defendant real property is not forfeited, e.g., because the United States enters into a settlement with other claimants to forfeit money in substitution for the defendant real property then this stipulation shall not have effect.

2

1       d.  Reasonable attorney's fees not to exceed $2,000.00;

2       e.  A total fee of not more than $200 to process a beneficiary demand statement and to

3   record a reconveyance of the Deed of Trust; and,

4       f.  The exact amount to be paid to claimant Countrywide shall be determined at time of

5   payment.

6       5.  The payment to claimant Countrywide shall be in full settlement and satisfaction of any and

7   all claims by Countrywide to the defendant real property posted by the United States on or about July

8   25, 2005, and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

9       6.  Upon payment, claimant Countrywide agrees to assign and convey its security interest to the

10  United States via recordable documents.

11      7.  Claimant Countrywide releases plaintiff United States of America and its servants, agents,

12  and employees and all other public entities, their servants, agents, and employees, from any and all

13  liability arising out of or in any way connected with the posting, forfeiture or sale of the defendant real

14  property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or

15  damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed.  The

16  parties to this agreement waive the provisions of California Civil Code § 1542 which provides that a

17  general release does not extend to claims which the creditor does not know or suspect to exist in its favor

18  at the time of executing the release, which if known by it must have materially affected the settlement.

19      8.  As a part of settlement, claimant Countrywide agrees not to pursue against the United States

20  any other rights that it may have under the promissory note and Deed of Trust including, but not limited

21  to, the right to initiate a judicial or non-judicial foreclosure action during the pendency of this action.

22      9.  Claimant Countrywide agrees to notify the U.S. Attorney and U.S. Marshals Service at the

23  end of the first payment cycle in which a payment is not made under the terms specified in the note.

24  Claimant further agrees to join any government motions for interlocutory or stipulated sale of the

25  defendant real property and any motions to remove occupants from the property who fail to abide by the

26  terms of an occupancy agreement, within ten (10) days of claimant's receipt of the motion(s).

27  ///

28
                                        3

10. Claimant Countrywide understands and agrees that by entering into this expedited settlement of their interest in the defendant real property, they waive any rights to further litigate against the United States their interest in the defendant real property and to petition for remission or mitigation of the forfeiture. Unless specifically directed by order of this Court, claimant Countrywide, is hereby excused and relieved from further participation in this action.

a. No final judgment shall be entered in this action inconsistent with or adverse to any provisions of this Stipulation, and to the extent any final judgment entered in the action is inconsistent with or adverse thereto, such order shall be void as against Countrywide.

11. Claimant Countrywide understands and agrees that the United States reserves the right to void this Expedited Settlement agreement and terminate the forfeiture action at any time for legal reasons or within ninety (90) days after the date of this agreement for economic reasons.

12. The parties agree to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to further implement the terms of this settlement.

13. The terms of this settlement agreement are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Final Judgment of Forfeiture. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an Order of the Court.

///
///
///
///
///
///
///
///
///
///

4

1      IT IS SO STIPULATED.

2  Dated: 7/7/06                  McGREGOR W. SCOTT

3                              United States Attorney

4                              /s/ Stephanie Hamilton Borchers

                              STEPHANIE HAMILTON BORCHERS

5                              Assistant United States Attorney

6

7  Dated: 7/13/06                SEVERSON & WERSON

8                              A Professional Corporation

9

10                       /s/ Susan M. Santerelli

                              SUSAN M. SANTERELLI

                              Attorney for Claimant

11                          Countrywide Home Loans Inc.,

                              dba America's Wholesale Lender

12

                       (original signature retained by attorney)

13

14                               **ORDER**

15      This Stipulated Expedited Settlement is hereby APPROVED.

16  IT IS SO ORDERED.

17  **Dated:    July 21, 2006**           **/s/ Oliver W. Wanger**

    emm0d6                     UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28                                5