# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:05-cv-0883 OWW GSA |
| ) | |
| Plaintiff, ) | SCHEDULING CONFERENCE ORDER |
| ) | AND ORDER CONSOLIDATING |
| v. ) | CASES |
| ) | |
| REAL PROPERTY LOCATED AT 5489 W. ) | Discovery Cut-Off: 1/5/09 |
| SAMPLE AVENUE, FRESNO, FRESNO ) | |
| COUNTY, CALIFORNIA, APN: 506- ) | Non-Dispositive Motion |
| 232-27s, INCLUDING ALL ) | Filing Deadline: None |
| APPURTENANCES AND IMPROVEMENTS ) | |
| THERETO, ) | Dispositive Motion Filing |
| ) | Deadline: 1/5/09 |
| Defendant. ) | |
| ) | Settlement Conference Date: |
| | 4/10/08 10:00 Ctrm. 10 |
| | |
| | Pre-Trial Conference |
| | Date:  3/2/09 11:00 Ctrm. 3 |
| | |
| | Trial Date: 4/14/09 9:00 |
| | Ctrm. 3 (JT-1 day) |

I.   Date of Scheduling Conference.

   December 6, 2007.

II.  Appearances Of Counsel.

   Stephanie Hamilton Borchers, Esq., Assistant U.S. Attorney, appeared on behalf of Plaintiff.

   Roger K. Vehrs, Esq., appeared on behalf of Claimant John Rosales.

1

III.  Summary of Pleadings.

   1.   This is an *in rem* civil forfeiture action.  In its Verified Complaint For Forfeiture *In Rem*, the government alleges that the Defendant real property was used, or was intended to be used, in a manner or part to commit, or facilitate the commission of, a violation of 21 U.S.C. §§ 841(a)(1) and 846, an offense punishable by more than one year's imprisonment and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).  On July 25, 2005, the Defendant real property was posted with the complaint and notice of complaint.  Notice of this action appeared by publication on January 13, 20, and 27, 2006, in the Fresno Business Journal (Fresno County) pursuant to the Order of Publication issued January 5, 2006.

   2.   On May 19, 2005, a Grand Jury in the Eastern District of California indicted Oscar Rosales, Gilda Rosales, Pedro Romero, Marvin Proxmire, and others with violations of 21 U.S.C. §§ 841(a)(1) and 846 - Conspiracy to Distribute and to Possess with the Intent to Distribute Marijuana among other drug-related violations.

   3.   On July 18, 2005, John Rosales was personally served with the Complaint, Notice of the Complaint, Application and Order for Publication, Lis Pendens, Order Setting Mandatory Scheduling Conference, Notice of Availability of Magistrate Judge, Notice of Dispute Resolution, Standing Order in All Cases Assigned to U.S. Magistrate Judge Lawrence J. O'Neill, and letter dated July 8, 2005.

   4.   On July 18, 2005, Gilda Rosales was personally served with copies of the above listed documents.  To date there has

been no claim or answer filed by or on behalf of Oscar Rosales in this action.

5.   On August 8, 2005, John Rosales filed a Verified Claim in this action.  Claimant John Rosales claims that he is the sole and innocent owner of the Defendant real property located at 5489 W. Sample Avenue, Fresno, California, and that the allegations of marijuana residue on said property are *de minimis* in nature and are not in any way connected with him.  John Rosales further alleges there is no substantial connection between the alleged crime and his property to justify its seizure and/or forfeiture.

6.   On September 22, 2005, lienholder Countrywide Home Loans, Inc., dba American's Wholesale Lender ("Countrywide") filed a claim and answer in this action claiming an interest in the Defendant real property.  Countrywide and Plaintiff entered into a Stipulation for Expedited Settlement which was filed with the Court on July 17, 2007.  Countrywide has been excused from this scheduling conference pursuant to the Settlement Agreement signed by District Court Judge Oliver W. Wanger on July 21, 2006, filed July 26, 2006.

7.   On March 20, 2006, the Government obtained a Clerk's Entry of Default as to Oscar Rosales and Gilda Rosales.

IV.  Orders Re Amendments To Pleadings.

1.   The parties do not presently contemplate filing any amendments to the pleadings.

V.   Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   It is undisputed that the Defendant real property

3

```
 1  located at 5489 W. Sample Avenue, Fresno, California, was posted
 2  on July 25, 2005, after a Complaint For Forfeiture In Rem was
 3  filed on July 7, 2005.  It is uncontested that Countrywide has a
 4  lienholder interest in the property.
 5       B.   Contested Facts.
 6            1.   All remaining facts are contested.
 7  VI.  Legal Issues.
 8       A.   Uncontested.
 9            1.   Jurisdiction exists under 28 U.S.C. §§ 1345 and
10  1355 and 21 U.S.C. § 881.
11            2.   Venue is proper under 28 U.S.C. § 1395.
12       B.   Contested.
13            1.   Whether the Defendant real property located at
14  5489 W. Sample Avenue, Fresno, California, was used or intended
15  to be used, in a manner or part to commit, or facilitate the
16  commission of a violation of 21 U.S.C. §§ 841(a)(1) and 846, an
17  offense punishable by more than one year's imprisonment and is
18  therefore subject to forfeiture to the United States pursuant to
19  21 U.S.C. § 881(a)(7).
20  VII. Consent to Magistrate Judge Jurisdiction.
21       1.   The parties have not consented to transfer the
22  case to the Magistrate Judge for all purposes, including trial.
23  VIII.     Corporate Identification Statement.
24       1.   Any nongovernmental corporate party to any action in
25  this court shall file a statement identifying all its parent
26  corporations and listing any entity that owns 10% or more of the
27  party's equity securities.  A party shall file the statement with
28  its initial pleading filed in this court and shall supplement the
```

4

1  statement within a reasonable time of any change in the
2  information.
3  IX.   Discovery Plan and Cut-Off Date.
4       1.   Initial disclosures were made by Plaintiff on or about
5  December 14, 2005.
6       2.   The parties are ordered to complete all discovery on
7  or before January 5, 2009.
8       3.   The parties are directed to disclose all expert
9  witnesses, in writing, on or before December 5, 2008.  The
10 parties will comply with the provisions of Federal Rule of Civil
11 Procedure 26(a)(2) regarding their expert designations.  Local
12 Rule 16-240(a) notwithstanding, the written designation of
13 experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2),
14 (A) and (B) and shall include all information required
15 thereunder.  Failure to designate experts in compliance with this
16 order may result in the Court excluding the testimony or other
17 evidence offered through such experts that are not disclosed
18 pursuant to this order.
19      4.   The provisions of F. R. Civ. P. 26(b)(4) shall
20 apply to all discovery relating to experts and their opinions.
21 Experts may be fully prepared to be examined on all subjects and
22 opinions included in the designation.  Failure to comply will
23 result in the imposition of sanctions.
24 X.    Pre-Trial Motion Schedule.
25      3.   All Dispositive Pre-Trial Motions are to be
26 filed no later than January 5, 2009, and will be heard on
27 February 9, 2009, at 10:00 a.m. before the Honorable Oliver W.
28 Wanger, United States District Judge, in Courtroom 3, 7th Floor.

1 | In scheduling such motions, counsel shall comply with Local Rule
2 | 230.
3 | XI.   Pre-Trial Conference Date.
4 |     1.    March 2, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor,
5 | before the Honorable Oliver W. Wanger, United States District
6 | Judge.
7 |     2.    The parties are ordered to file a Joint Pre-
8 | Trial Statement pursuant to Local Rule 281(a)(2).
9 |     3.    Counsel's attention is directed to Rules 281
10 | and 282 of the Local Rules of Practice for the Eastern District
11 | of California, as to the obligations of counsel in preparing for
12 | the pre-trial conference.  The Court will insist upon strict
13 | compliance with those rules.
14 | XII. Trial Date.
15 |     1.   April 14, 2009, at the hour of 9:00 a.m. in Courtroom
16 | 3, 7th Floor, before the Honorable Oliver W. Wanger, United
17 | States District Judge.
18 |     2.    This is a jury trial.
19 |     3.    Counsels' Estimate Of Trial Time:
20 |         a.   1 day.
21 |     4.    Counsels' attention is directed to Local Rules
22 | of Practice for the Eastern District of California, Rule 285.
23 | XIII.    Settlement Conference.
24 |     1.    A Settlement Conference is scheduled for April 10,
25 | 2008, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S.
26 | Austin, United States Magistrate Judge.
27 |     2.    Unless otherwise permitted in advance by the
28 | Court, the attorneys who will try the case shall appear at the

6

Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5. The Confidential Settlement Conference Statement shall include the following:

   a. A brief statement of the facts of the case.

7

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.**

   1.   None.

**XV.   Related Matters Pending and Consolidation.**

   1.   This action is related to <u>United States v. Oscar Rosales, et al.</u>, 1:05-cr-0161 OWW.  On September 14, 2006, Oscar Rosales pleaded guilty to the essential elements of Count Two of the Superseding Indictment, which charged him with Conspiracy to Distribute and to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  This case is also related to <u>United States v. $8,525.00 in U.S. Currency</u>, 1:05-cv-1315 OWW GSA, another civil forfeiture action, and the parties suggest the Court consolidate the two civil forfeiture actions.

   2.   Case number 1:05-cv-1315 OWW GSA is related, as it involves currency seized from John Rosales.  Accordingly, by the

8

1  parties' agreement, case number 1:05-cv-1315 OWW GSA is
2  consolidated with action number 1:05-cv-0883 OWW GSA.
3       3.   The new case number for the consolidated action is
4  <u>1:05-cv-0883 OWW GSA</u>.  Case number 1:05-cv-1315 OWW GSA shall be
5  administratively closed and all papers shall be filed in the
6  future in action number <u>1:05-cv-0883 OWW GSA</u>.
7  XVI. Compliance With Federal Procedure.
8       1.   The Court requires compliance with the Federal
9  Rules of Civil Procedure and the Local Rules of Practice for the
10 Eastern District of California.  To aid the court in the
11 efficient administration of this case, all counsel are directed
12 to familiarize themselves with the Federal Rules of Civil
13 Procedure and the Local Rules of Practice of the Eastern District
14 of California, and keep abreast of any amendments thereto.
15 XVII.     Effect Of This Order.
16      1.   The foregoing order represents the best
17 estimate of the court and counsel as to the agenda most suitable
18 to bring this case to resolution.  The trial date reserved is
19 specifically reserved for this case.  If the parties determine at
20 any time that the schedule outlined in this order cannot be met,
21 counsel are ordered to notify the court immediately of that fact
22 so that adjustments may be made, either by stipulation or by
23 subsequent scheduling conference.
24      2.   Stipulations extending the deadlines contained
25 herein will not be considered unless they are accompanied by
26 affidavits or declarations, and where appropriate attached
27 exhibits, which establish good cause for granting the relief
28 requested.

     3.   Failure to comply with this order may result in
the imposition of sanctions.


IT IS SO ORDERED.

**Dated:   December 6, 2007**                    /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE

10