McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:05-CV-00883-OWW-GSA |
| Plaintiff, | Case No. 1:05-CV-01315-OWW-GSA (closed) |
| v. | **FINAL JUDGMENT OF FORFEITURE** |
| REAL PROPERTY LOCATED AT 5489 W. SAMPLE AVENUE, FRESNO, FRESNO COUNTY, CALIFORNIA, APN: 506-232-27s, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |
| APPROXIMATELY $8,525.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against defendant real property located at 5489 W. Sample Avenue, Fresno, Fresno County, California, APN: 506-232-27s, (hereafter "defendant real property") and defendant approximately $8,525.00 in U.S. Currency (hereafter "defendant currency").

2. A Complaint for Forfeiture *In Rem* was filed on July 7, 2005, seeking the forfeiture of the defendant real property, alleging said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7) on the grounds that said real property was used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841 (a)(1) and 846.

3. On October 17, 2005, a Complaint for Forfeiture *In Rem* was filed seeking the forfeiture of the defendant currency pursuant to 21 U.S.C. § 881(a)(6), alleging that the defendant currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

4. On July 25, 2005, the defendant real property was posted with a copy of the complaint and notice of complaint in a manner consistent with the requirements of 18 U.S.C. § 985. *See* the Process Receipt and Return filed August 18, 2005.

5. On October 19, 2005, in accordance with the Complaint filed against the defendant currency, a Warrant and Summons for Arrest of Articles *In Rem* was issued and duly executed on October 26, 2005. *See* the Process Receipt and Return filed November 2, 2005.

6. On January 13, 20, and 27, 2006, a Public Notice of Posting of the defendant real property appeared by publication in *The Business Journal*, a newspaper of general circulation in the county in which the defendant real property is located (Fresno County). The Declaration of Publication was filed with the Court on February 9, 2006.

7. On December 23 and 30, 2005 and January 6, 2006, a Public Notice of Arrest of the defendant currency appeared by publication in *The Business Journal*, a newspaper of general circulation in the county in which the defendant currency was seized (Fresno County). The Declaration of Publication was filed with the Court on February 2, 2006.

8. In addition to the Public Notice of Posting and the Public Notice of Arrest having been completed, actual notice of the above actions were personally served upon John Rosales, Oscar Rosales, Gilda Rosales, and Petra Mata Rosales. Claimant John Rosales filed a Claim in the action against the defendant real property on August 8, 2005, and filed an Answer to the Complaint on August 18, 2005. Claimant John Rosales filed a Claim and Answer in the action against the defendant currency on November 16, 2005.

9. On July 8, 2005, notice of the forfeiture action against the defendant real property

was sent to lien holder Countrywide Home Loans, Inc. dba America's Wholesale Lender (hereafter "Countrywide"). On September 2, 2005, Countrywide filed a verified claim to the defendant real property. On September 22, 2005, Countrywide filed an answer in the action claiming an interest in the defendant real property. On October 21, 2005, Countrywide filed an amended verified claim in said action. On July 17, 2006, the United States and Countrywide entered into a Stipulation for Expedited Settlement.

10. To date, no other parties have filed claims, answers, or otherwise appeared in these matters, and the time for which any person or entity may file a claim and answer has expired.

11. On December 11, 2007, the Court issued an Order consolidating the two forfeiture actions.

12. Claimant John Rosales represents and warrants that he is the sole owner of the defendant real property and the defendant currency.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Judgment is hereby entered against Claimant John Rosales and all other potential claimants who have not filed claims in this action. .

3. Upon entry of this Final Judgment of Forfeiture, the defendant approximately $8,525.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4. That upon entry of a Final Judgment of Forfeiture, but no later than 45 days thereafter, the United States agrees to withdraw the Lis Pendens on the defendant real property located at 5489 W. Sample Avenue, Fresno, Fresno County, California, APN: 506-232-27s, releasing the United States' interest in said property.

5. Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability

arising out of or in any way connected with the arrest, seizure, posting, or forfeiture of the defendant real property and the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, posting or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

6. Pursuant to the Stipulation of the parties, and the allegations set forth in the Complaints for Forfeiture *In Rem* filed July 7, 2005 and October 17, 2005, the Court finds that there was reasonable cause for the posting of the defendant real property and the seizure and arrest of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

7. All parties are to bear their own costs and attorneys' fees.

SO ORDERED THIS 20th day of November, 2008.

/s/ OLIVER W. WANGER
OLIVER W. WANGER
United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaints for Forfeiture *In Rem* filed July 7, 2005 and October 17, 2005, respectively, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property and the seizure and arrest of the defendant currency.

DATED: November 20, 2008        /s/ OLIVER W. WANGER
OLIVER W. WANGER
United States District Judge